## JAVIERRE, GONZALEZ, & COMPANY

*v.*

## FRITZE, LUNDT, & COMPANY, ETC.,

and

## JAVIERRE, GONZALEZ, & COMPANY

*v.*

## SUC. DE FRONTERA, S. EN C., ETC.

---

San Juan, Law, Nos. 978, 979.

Jury—Preponderance.

    1. If the plaintiff does not establish his case by a preponderance of the evidence, and as a result the mind of the jury is left in doubt, they must find for the defendant.

Jury—Evidence.

    2. The jury are to go by the credibility of the evidence, not the number of witnesses. Positive evidence weighs more than negative, if the witnesses are equally credible.

Corporations—Individuals.

    3. Corporations stand on exactly the same footing as individuals

Javierre, Gonzalez, & Co. v. Fritze, Lundt, & Co.

in courts of justice. The relative wealth of the parties is not to be taken into account.

Two Cases Tried at Once—Verdicts.

4. Cases against two defendants may by agreement be tried at the same time, but the verdicts must be separate.

Value—Taxes.

5. The value of his property returned by a party for taxation is not binding upon him in a suit involving its value; but a false return may be given in evidence as a contradiction of conflicting evidence by a party.

Facts—Federal Judge.

6. A Federal judge has the right to sum up the tendency of the facts of a case as an aid to the jury, but his view of the facts is not binding upon the jury.

April 16, 1914.

---

*Mr. E. Ramirez Uadal* for plaintiffs.

*Mr. Martin Travieso, Jr.,* for defendants.

HAMILTON, Judge:

Gentlemen of the jury: We have now reached the end of the case that we have been on for parts of three days, and it becomes the duty of the court to charge you as to the law. You have heard the evidence,—you have heard the statements of counsel, and it is for you to make the actual decision in the case, but it is for the court to throw some light first upon the law of the case.

There are two or three things to be taken into account in any case. I will mention them first. In the first place, of

VII. Porto Rico—2.

course, it occurs to you right off that the burden is on the plaintiffs. The plaintiffs must prove their case, the partnership in this case. They must make out that they are entitled to so much money from the defendant. If your mind is left in doubt, you cannot say that the plaintiff has made out his case. At the same time, it simply requires a preponderance of the evidence. Something has been said about fraud, to be sure, but there is no question in this case of a criminal nature at all. If a preponderance of the evidence seems to you to point out that the plaintiff should recover, that is sufficient. It does not have to be beyond a reasonable doubt or anything of that sort. It is simply for you to say whether they have made out their case, and if you do not think there is a preponderance either way, you would have to find for the defendant, because then the plaintiff has not made out its case by a preponderance of the evidence.

It is for the court to say whether evidence shall be admitted. It is for the jury to say the weight of that evidence after it is admitted. That is the reason you observed when counsel differed, as counsel do differ, as to the admissibility of certain pieces of written evidence, the court excused you, because it would simply be confusing to you, and you have nothing to do with any discussion of that sort. What is in the case it is for you to consider. It is for you to say how much weight you will attach to it. If there is positive evidence on any one point by one witness, and there is negative evidence on that point also; if one witness says he saw something and another witness says he did not, you will attach greater importance to the positive evidence because the other may not have been paying attention. Positive evidence would weigh more with you than neg-

Javierre, Gonzalez, & Co. v. Fritze, Lundt, & Co.

ative evidence. If the witnesses are of equal credibility, and two or three witnesses testify one way and one to the contrary, you would no doubt attach more importance to the side favored by the two or three witnesses, but that does not often happen, and the general rule is this, gentlemen: You are to go by the credibility of the evidence. There may be one witness,—I do not say it is so in this case,—but it is possible that there is one witness whom you know or you can tell from his manner that he is telling the truth, and you may believe him against half a dozen other witnesses. It is not a question of number on one side or the other, but the credibility of the evidence, that is brought before you.

There is one thing hardly necessary to mention, but it will do no harm. The plaintiffs I believe are a partnership and the defendants are corporations. Of course, you understand that corporations stand on exactly the same footing as an individual in this court and in any court. A corporation is simply an artificial person. You would have no right, and the court knows you would not find against a corporation because it is a corporation or because it is supposed to be rich. That is not justice, and it is not what you would want if you had a case in court. It is not whether a corporation is rich or whether a defendant is rich or whether it is a corporation or what it is. It is simply a question of right or wrong between two parties. If the defendants owe this money, you would bring in a verdict against them, and, if they do not, it does not make any difference what the nature of the corporation is. Those are matters that would apply to almost any case, and in other cases I will probably be more brief in pointing them out.

As to these two particular cases,—you recollect, gentlemen,

Javierre, Gonzalez, & Co. v. Fritze, Lundt, & Co.

that you are really trying two cases,—it seems that the same plaintiff insured the same machinery and stock of goods in two different insurance companies. Such a joint trial is perfectly proper, but when it comes to the form of rendering your verdict, you will have to render two verdicts, no matter which way you decide. If you find for the plaintiff, you would, according to the forms that will be handed to you, find for the plaintiff against one defendant so much, and then against the other defendant so much. Or if you find for the defendant, you would find two different verdicts, because they have to be filed in separate files, and, although identical, you would say, we find for the defendant in this particular case, and on the other form also you would say, we, the jury, find for the defendant. That is simply a matter of form, and I will read the form to you when I close.

The question in this case—I say this case for short—is on an insurance policy. There is no dispute I think that the plaintiffs took out policies of insurance with these two defendants, the North British and the Yorkshire Insurance Companies, represented by certain agents. That is not disputed. That the amounts are as stated in the complaint is not disputed. The policies speak for themselves.

It may be well to call your attention to this. The verdict that you can give is not precisely what is mentioned in the policy. The plaintiff can only recover what he sues for, and it seems that a certain quantity, I believe about $500 worth, of goods were rescued and turned over to the plaintiff, so that the plaintiff very properly in the complaint sues for these two amounts named in the complaints, and you could not in any event give more than these respective amounts with interest.

Javierre, Gonzalez, & Co. v. Fritze, Lundt, & Co.

Against the North British Insurance Company the claim as stated in the complaint is $10,006.80, and as against the Yorkshire Insurance Company the claim is in the complaint $15,893.18. You will find those amounts in the complaints, and you will have the complaints with you. You cannot go beyond, of course, what the plaintiff asks. It is always supposed that the plaintiff will ask all that he is entitled to.

Now, the policies were written and the fire occurred, and the question is, Has the plaintiff—using the singular for matter of convenience—proved a loss? In the first place, it is admitted that the machinery, which was covered by the policies to the amount of $7,900, was destroyed. If that was destroyed and was covered by these policies, you would have to render a verdict to the amount of $7,900 at least. There is the machinery, there, which is out of dispute, not disputed. And let me say just as to the machinery, the same would apply further, but just as to the machinery now, you will observe that the claim against the North British is for $10,000 and the claim against the Yorkshire is, say, $15,000, in round numbers, in other words, it is a question of ten and fifteen to be divided between the two companies. So if you find any verdict,—I am not assuming that you will find any,—it will be divided in that way, two fifths of it would be awarded in your verdict against the North British and three fifths of it would be awarded in your verdict against the Yorkshire. The proportion is not exactly that, but you see that is close enough for practical purposes, ten and fifteen.

Now, has the plaintiff proved a loss outside of the question of machinery, which is conceded? If so, what loss has he proved? There is no dispute that there was a fire; no dispute

Javierre, Gonzalez, & Co. v. Fritze, Lundt, & Co.

that tobacco was burned. There is a great dispute as to how much was burned, and, if some definite amount is not proved to your satisfaction, you could not allow anything. Now, how can you get at what was consumed? There is evidence before you of one of the partnership, who was the bookkeeper, that he made up a day or two after the fire an estimate of what was there, that he supposed the books were all burned up and did not use them. It was confessedly an estimate, still an estimate by a man who ought to know, and, if you believe he is telling the truth, it would be entitled to considerable weight. Even if he made a mistake, it would be entitled to weight. That is one thing to be taken into account. Your verdict would depend upon the quantity and quality of the tobacco, estimating it, of course, according to what may have been proved to your satisfaction was the value. That is all before you and I could hardly assist you. That is a matter that you will have to determine, what quantity and quality was burned, and from that make up your verdict if you think it has been satisfactorily proved.

There is in evidence a statement of an expert accountant who went over the books that were saved; and he estimates so and so as to the value and quantity from the books. That you will consider in its proper place and give whatever may be its proper weight.

There is also in evidence before you that the plaintiffs were paying taxes on so much stock. That, gentlemen, of course, you will take with considerable qualification. This is not a suit to collect the taxes. It is not of that nature at all. If you should believe that the plaintiff had made a false return, had committed perjury in the return of his property for taxes, that

Javierre, Gonzalez, & Co. v. Fritze, Lundt, & Co.

he returned he had $2,000 worth of stock, and in point of fact it is proved to your satisfaction that he had $10,000 of stock,—of course, I am using an hypothetical case,—the fact that he had made a false return would have nothing to do with your verdict, if it is proved otherwise that he actually had $10,000 worth. You are not here to try the question of perjury. The court admitted the testimony on this theory. The evidence as to how much was destroyed depends upon the evidence of the plaintiff, and if the plaintiff made a contrary statement on some other occasion, you would take that into account as to whether you would believe him or not. That is a matter of credibility of the evidence. So you will take the evidence of the tax return in the light that I speak of, as showing a contradiction or not, as you may believe it, of the plaintiff's evidence, not as being something that he is bound by when he comes to sue an insurance company.

I think, gentlemen, that I have gone over the facts sufficiently. I never wish to indicate to the jury my view of the facts. There would not be much use in having a jury if I did so. A Federal judge has a right to do it, not that you would be bound by it, but still the judge has a right to give you a summary of the facts, the tendency of them, but you could nevertheless disregard it if you did not think it was correct. I do not care to do that at all, one way or the other, but leave that entirely to you.

If you believe, gentlemen, from the evidence, that the plaintiffs are entitled to recover, your verdict must be for the actual loss sustained, but said verdict cannot in any case exceed the amount covered by the policies and covered by the complaint; but your verdict may be for an amount smaller than the

amount asked for in the complaint, if you believe that the loss sustained was less than the amount insured.

The second request has been covered.

The first, Mr. Travieso, I would like some authority upon.

Mr. Travieso, I will not insist on it.

The form of your verdict, then, gentlemen, will be as follows when you retire in the next moment or two in the charge of the marshal to consider your verdict. You will take out with you the written evidence and remember the oral evidence, and elect a foreman, because he will be your representative. Whatever verdict you bring in he would sign as foreman, and when you come to a conclusion, you of course come in. The form of your verdict will be as follows; if you find for the plaintiff in No. 978 against the North British Insurance Company: We, the jury, find for the plaintiffs and assess their damages at $————, whatever you find them to be. If you find for the defendant in that case, the form would be: We, the jury, find for the defendant, and the foreman would sign it in each instance. In the other case, No. 979, Law, against the Yorkshire Insurance Company, it will be: We, the jury, find for the plaintiffs and assess their damages in the sum of $————, so and so, Foreman; or, We, the jury, find for the defendant.

I think you will have no difficulty, simply recollecting that you must find two verdicts because there are two cases, and I think I am not going beyond the facts when I say that both verdicts will be for the plaintiff or both verdicts will be for the defendants. There is no way in which you could bring in a verdict against one company, and not against the other.